GEORGE L. MAXWELL
85 RIVER ROAD, UNIT A5
C/O P.O. BOX 38
ESSEX, CT 06426
TEL: 860-388-8000

RECEIVED
JUN 26 2019
CLERK, U.S. DISTRICT COURT
JUNEAU A.K.

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

|   |   |
|---|---|
| GEORGE L. MAXWELL, <br> PLAINTIFF <br> v. <br><br> THE BOAT COMPANY <br> A/K/A THE BOAT COMPANY, LTD. <br> DEFENDENT | CIVIL ACTION NO. <br><br> IN ADMIRALTY |

## COMPLAINT

1. Plaintiff, GEORGE L. MAXWELL is an individual residing in the State of Connecticut.

2. Upon information and belief, the Defendant, THE BOAT COMPANY A/K/A THE BOAT COMPANY, LTD., is a business entity organized and existing under the laws of the State of Alaska and doing business in the States of Alaska and Washington.

3. This is a matter involving Admiralty and Maritime claims within the meaning of Rule 9 (h) of the Supplemental Rules for certain Admiralty and Maritime claims.

4. In or about September, 2017, the Plaintiff contracted with the Defendant for a voyage off the coast of Alaska from Sitka Juneau on the Defendant's Vessel "LISERON" (the "Vessel") for the period of June 23, 2018 through June 30, 2018.

5. Pursuant to the express terms of the Defendant's Contract of Passage, the stated venue for the adjudication of any claims between the parties is the United States District Court for the District of Alaska.

6. The Plaintiff embarked on the Defendant's Vessel "LISERON" on or about June 23, 2018 for the commencement of the intended voyage.

7. On or about June 26, 2018, the Defendant tripped on an unmarked or poorly marked doorway threshold falling and injuring his left knee.

8. The Defendant's failure to mark or properly mark the doorway threshold constituted a hazard of which the Defendant failed or otherwise neglected to warn its passengers, including the Plaintiff and as such, constituted negligence on the part of the Defendant and a breach of the duty of care owed the Plaintiff by the Defendant.

9. As a result of the injury, the Plaintiff's left knee became severely swollen and painful to the point where the Plaintiff was unable to ambulate without assistance.

10. The Defendant had no trained medical personnel on board the vessel and as such, had to rely on direction and guidance from remote medical service provider via email and/or telephonic communications.

11. In accordance with treatment recommendations provided to the Defendant by the remote medical service, the Defendant treated the Plaintiff with non-prescription medications and applied ice to the swollen knee.

12. As a passenger aboard the Defendant's Vessel, the Defendant owed the Plaintiff a duty of reasonable care.

13. As a direct and proximate result of the Defendant's frequent and repeated application of ice directly to the Plaintiff's swollen left knee, the Plaintiff sustained great and severe pain and suffering and blistering resulting in a medical condition known as Hemarthrosis.

14. The Defendant's conduct as aforesaid constituted negligence and a breach of the duty of reasonable care owed by the Defendant to the Plaintiff.

2

15. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered extreme physical pain and mental anguish and will continue to suffer extreme physical pain, mental anguish and limited mobility in the future for which the Plaintiff is entitled to damages from the Defendant.

16. The injuries to the Plaintiff were caused by the careless, negligent, improper and wrongful conduct of the Defendant as will be shown at trial.

17. As a further direct and proximate result of the Defendant's negligence in causing injury to the Plaintiff's knee and said treatment thereafter resulting in Hemarthrosis, the Plaintiff incurred reasonable and necessary expenses for the services of doctors and nurses, for hospitalization, transportation and prescription drugs for which the Plaintiff is entitled to be reimbursed or otherwise compensated by the Defendant.

WHEREFORE, the Plaintiff requests this Honorable Court to enter Judgement against the Defendant for the following:

1. General damages
2. Damages for medical and related expenses
3. Interest according to law
4. Costs of this action
5. Such other and further relief as the Court deems just and proper

Dated: June 26, 2019

THE PLAINTIFF
GEORGE L. MAXWELL

BY: _____
GEORGE L. MAXWELL, PRO SE
85 RIVER ROAD, UNIT A5
C/O P.O. BOX 38
ESSEX, CT 06426
TEL: 860-388-8000

3